**UNITED STATES of America,**
**Appellee,**

v.

**Donna TILLMAN, Defendant–**
**Appellant.**

**No. 11–2613–cr.**

United States Court of Appeals,
Second Circuit.

May 30, 2012.

Matthew L. Schwartz, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

44

Beth M. Farber, New York, NY, for Defendant–Appellant.

PRESENT: RALPH K. WINTER, JOSEPH M. McLAUGHLIN, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Following a jury trial, defendant-appellant Donna Tillman was convicted on three counts of making false statements in connection with applications for federal worker's compensation and federally funded food stamps, in violation of 18 U.S.C. §§ 1920 and 1001(a)(2). On June 27, 2011, Tillman was sentenced principally to a term of imprisonment of a year and a day. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On May 21, 2010, Tillman moved in the district court to dismiss the indictment for prosecutorial vindictiveness. Tillman contended that the government charged her in this case in retaliation for her request for a probationary sentence in an earlier money laundering case. On July 30, 2010, the district court denied Tillman's motion in a thorough, carefully considered, twenty-three-page decision. *See United States v. Tillman*, No. 10 Cr. 127, 2010 WL 3000189 (S.D.N.Y. July 30, 2010). The sole issue on appeal is Tillman's contention that the district court erred in denying her motion to dismiss.

Upon *de novo* review of the legal principles guiding the district court and clear error review of the district court's factual findings, we conclude that the district court did not err in denying Tillman's motion to dismiss. *See United States v. Johnson*, 171 F.3d 139, 140 (2d Cir.1999) (per curiam). As the district court found, the government "provided a clear explanation of its prosecution [in this case] sufficient to rebut the presumption of vindictiveness raised by [Tillman's] claims." *Tillman*, 2010 WL 3000189, at *6; *see United States v. King*, 126 F.3d 394, 399 (2d Cir.1997) ("A presumption of vindictiveness may be rebutted with a showing of legitimate, articulable, objective reasons for the [indictment].") (internal quotation marks omitted).

We have considered Tillman's remaining arguments and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the district court.